```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- x
UNITED STATES OF AMERICA,          :
                                   :
        - against -                :      17-CR-283(LAP)
                                   :
FELIX CASTILLO,                    :
                                   :
                    Defendant.     :
------------------------------------x
```

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

Before the Court is Defendant Felix Castillo's motion for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A)(i).  (Dkt. no. 362). For the reasons set forth below, the motion is denied.

**I.   Background**

**A. Defendant's Conduct As a Member of the Crips**

From at least 2012 until at least May 2017, a violent drug trafficking organization, referred to here as the "DTO," operated on Davidson Avenue between West Tremont Avenue and West Burnside Avenue in the Bronx, New York (the "Davidson Block"). The DTO sold significant quantities of heroin, crack cocaine, powder cocaine, and marijuana, generating substantial profits for its leaders and significant sums for its members. To prevent other drug-traffickers from selling on their territory, DTO members used violence and the threat of violence.

Members kept guns on their person or hidden nearby and engaged in shootings and assaults toward this end. (Presentence Report ("PSR") at ¶ 21).

Many members of the DTO, including Defendant, were also members of the violent Crips street gang. Crips members used guns and the threat of gun violence to help the DTO control the Davidson Avenue Block and engaged in gun battles with members of the rival Bloods gang, among others. (PSR ¶ 17).

Defendant was a manger of the "55" set of the Crips gang operating on Davidson Avenue, and, as such, Defendant distributed drugs and possessed firearms. Specifically, in or about 2014, the leader of the DTO, Oved Vega, gifted Defendant an AR-15 assault rifle for Defendant's birthday. (PSR ¶ 23). Moreover, as Defendant admitted during his guilty plea, "during a dispute about drug trafficking with other groups, [Defendant] brandished a firearm to scare other groups." (Plea Tr. at 23: 15-17.) Defendant stopped operating as a member of the DTO in 2015 after he had a physical altercation with another member of the DTO over cocaine money. (PSR ¶ 26). Defendant, however, maintained his membership in the Crips, posting videos of his allegiance to the gang after his departure from the DTO. (Bail Hearing Tr. at 8:10-21.)

Defendant was arrested in August 2017, approximately four months after law enforcement first attempted to locate him for arrest and approximately three months after Defendant was notified by the case Detective that there was a federal warrant for his arrest. When the Marshals finally located Defendant at an apartment in the Bronx, Defendant barricaded himself with a couch in front of the apartment door. Eventually, the Marshals had to force entry into the apartment, where several children were present, to arrest Defendant. (Bail Hearing Tr. at 10:23-11:4.)

### B. Defendant's Criminal History

In 2006, Defendant shot an individual with whom he was involved in a violent altercation. The victim survived. Defendant was charged and eventually pled guilty to Assault in the Second Degree and was sentenced to six months' imprisonment. After his release, a violation of parole and a bench warrant for Defendant's arrest was issued. Defendant was resentenced to one year imprisonment. (PSR ¶ 52-56.) In addition, in May 2017, an order of protection was issued prohibiting Defendant from being near Erica Ortiz and their children together. (PSR ¶ 73.)

### C. Defendant's Medical Records

As reported in the PSR and confirmed by BOP medical records, Defendant has asthma and is prescribed an albuterol

3

inhaler. A review of Defendant's medical records indicates that on or about December 8, 2019, Defendant complained of shortness of breath and on December 10, 2019 Defendant requested a refill of his albuterol inhaler. (May 14, 2020 Def. Letter, Exhibit F at 12, 10.) Prior to that, in May 2019, Defendant represented that he used his inhaler one or two times per month. (Id. at 18.) In March 2018, Defendant reported that he had not used his inhaler for five months, and that his asthma is exacerbated by exercise. (Id. at 24) Defendant has had asthma since childhood, and was intubated at four months and four-years old. (Id.) Defendant is 32 years old.

## II.  Applicable Law

Under Section 3582, the Court only "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ."  See 18 U.S.C. § 3582(c)(1)(A); see also 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence

4

reduction, including the criteria to be applied and a list of specific examples.").

The relevant Sentencing Commission policy statement is found in U.S.S.G. § 1B1.13.  That section provides that the Court may reduce the term of imprisonment if "extraordinary and compelling reasons warrant the reduction," id. § 1B1.13(1)(A); "the Defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," id. § 1B1.13(2); and "the reduction is consistent with this policy statement," id. § 1B1.13(3).

As the proponent of the motion, the Defendant bears the burden of proving that "extraordinary and compelling reasons" exist.  See, e.g., United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue."); United States v. Clarke, No. 09 Cr, 705 (LAP), 2010 WL 4449443, at *1 (S.D.N.Y. Oct. 29, 2010) ("If the Defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease." (quoting Butler, 970 F.2d at 1026)); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013).

5

**III. Discussion**

First, Defendant has not demonstrated extraordinary and compelling circumstances warranting release.  As set out in his medical records, he has already been evaluated for compassionate release by the Bureau of Prisons.  Although Defendant suffers from asthma, it is well-controlled.  He is 32 years old and not in a particularly vulnerable age group for the virus.  Thus, Defendant's medical condition is not one that "substantially diminishes" his ability to provide self-care within the institution.  <u>See</u> U.S.S.G. section 1B1.13, Application Note 1(A).

Second, even if Defendant had demonstrated extraordinary and compelling circumstances warranting release, the danger he poses to the community counsels against release.  The offense of conviction--for which he was sentenced to 84 months this past January--was serious and dangerous: he brandished a firearm to frighten drug rivals.  In 2006, he shot an individual during a fight, and in 2017, an order of protection was issued prohibiting him from approaching the mother of his children.  These numerous violent acts counsel against release of the Defendant in order to protect the community.  Also, Defendant's violation of his parole and his attempts to evade law enforcement at the time of his arrest on his federal charge

demonstrate that his is unlikely to abide by any conditions of release imposed on him by the Court.

    For these reasons, Defendant's motion for compassionate release (dkt. no. 362) is denied.

SO ORDERED.

Dated:    New York, NY
           June 2, 2020

                                      _____
                                      Loretta A. Preska
                                      Senior United States District Judge